## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10400
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

**FILED**

**December 11, 2014**

KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

v.

STEPHAN HAMILTON,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-249

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Stephan Hamilton appeals the 240-month sentence imposed for his conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846. He contends that the district court reversibly erred by sentencing him pursuant to a miscalculated offense level and that his sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 14-10400      Document: 00512864217     Page: 2     Date Filed: 12/10/2014
Case 4:12-cr-00249-O   Document 286   Filed 12/11/14   Page 2 of 2   PageID 1282

No. 14-10400

Hamilton contends that the district court purported to grant him a two-level reduction based on his 18 U.S.C. § 3582(c) waiver but sentenced him based on an offense level of 39 rather than 37. Any error by the district court in sentencing Hamilton pursuant to a miscalculated offense level was harmless because the record demonstrates that the district court would have imposed the same sentence notwithstanding any error. *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009). The two-level reduction did not affect the guidelines sentence of 240 months. *See* U.S.S.G. § 5G1.1(a). The district court was aware of the unrestricted guidelines range that was applicable with the two-level reduction but nonetheless concluded that it did not affect its decision to sentence Hamilton to 240 months because the Government's charging decisions had already provided Hamilton with a substantial reduction.

Hamilton has waived his claim of error regarding the substantive reasonableness of his sentence by virtue of inadequate briefing. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010); *United States v. Jackson*, 549 F.3d 963, 972 n.6 (5th Cir. 2008). Although he cites general legal principles, he provides no meaningful explanation of why a lower sentence was warranted and impermissibly attempts to incorporate by reference the factual and legal arguments made in the district court for a lower sentence.

The judgment of the district court is AFFIRMED.